UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

LANDRY ARCHITECTURE, LLC                   CIVIL ACTION

VERSUS                                     NO: 09-3974

VALLEY FORGE INSURANCE CO., ET AL.         SECTION: R(1)

**ORDER AND REASONS**

Before the Court is defendant Valley Forge Insurance Co.'s motion to dismiss, (R. Doc. 4), and motion to file an amended affidavit, (R. Doc. 24). For the following reasons, the Court GRANTS Valley Forge's motion to dismiss and DENIES Valley Forge's motion to file an amended affidavit as moot.

I.  BACKGROUND

This suit arises out of disputed insurance claims for commercial property damage, business income losses, and other expenses resulting from Hurricane Katrina. (R. Doc. 1). Plaintiff Landry Architecture, LLC purchased the insurance policy in issue, policy No B 2057694544, in August 2002 from defendant Valley Forge through the insurance broker Insurance Underwriters Ltd. (R. Doc. 1, Ex. D). Landry renewed the policy on an annual

basis thereafter.  *Id.*

On May 29, 2009 Landry sued Valley Forge and Insurance Underwriters in state court alleging breach of contract and of the duty of good faith and fair dealings under La. R.S. 22:1973, La. R.S. 22:1892 and La. Civil Code art. 1997.  (R. Doc. 1).  On June 23, 2009 Valley Forge removed the case on the grounds that the parties were diverse under 28 U.S.C. § 1332, and Insurance Underwriters improperly joined.  (R. Doc. 1).[1]  Landry moved the Court to remand, and On August 25, 2009, the Court Denied Landry's motion and dismissed those claims against Insurance Underwriters, Ltd because no reasonable possibility of recovery against Insurance Underwriters existed.  (R. Doc. 33).  At the time of Landry's motion to remand, Valley Forge had also moved the Court to dismiss Landry's claims against it under Federal Rule of Civil Procedure 12(b)(6), arguing that the prescriptive period had run on Landry's insurance claims resulting from Hurricane Katrina.  (R. Doc. 4).  Because Landry had not filed any opposition to Valley Forge's motion at that time, the Court ordered Landry to do so.  (R. Doc. 33).  With the issues now fully briefed, the Court turns to Valley Forge's motion to dismiss.

---

[1] The parties did not dispute that the amount in controversy exceeded the jurisdictional limit of $75,000.  (R. Doc. 9).  The parties also did not dispute that complete diversity did not exist on the face of the complaint with both Valley Forge and Insurance Underwriters as defendants.  *Id.*

2

**II. Legal Standards**

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead enough facts "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1960 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007)). A claim is facially plausible when the plaintiff pleads facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 129 S. Ct. at 1940. A court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 239 (5th Cir. 2009); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). But the Court is not bound to accept as true legal conclusions couched as factual allegations. *Ashcroft v. Iqbal*, 129 S. Ct. at 1949.

A legally sufficient complaint must establish more than a "sheer possibility" that plaintiff's claim is true. *Id.* It need not contain detailed factual allegations, but it must go beyond labels, legal conclusions, or formulaic recitations of the elements of a cause of action. *Twombly,* 550 U.S. at 555. In other words, the face of the complaint must contain enough factual matter to raise a reasonable expectation that discovery will reveal evidence of each element of the plaintiff's claim.

*Lormand*, 565 F.3d at 256. If there are insufficient factual allegations to raise a right to relief above the speculative level, *Twombly*, 550 U.S. at 555, or if it is apparent from the face of the complaint that there is an insuperable bar to relief, *Jones v. Bock*, 549 U.S. 199, 215 (2007); *Carbe v. Lappin*, 492 F.3d 325, 328 & n.9 (5th Cir. 2007), the claim must be dismissed.

**III. DISCUSSION**

Valley Forge asserts that Landry's claims are not timely because Landry filed this suit after September 1, 2007, the expiration of the prescriptive period for first-party insurance claims resulting from Hurricane Katrina Damage. (R. Doc. 4). Landry's cause of action against Valley Forge stems from allegations that Valley Forge did not adequately compensate Landry under Landry's insurance policy. (R. Doc. 9). In Louisiana, a one year prescriptive period traditionally applies to filing first-party property insurance claims, such as that present here.[2] *See* La. R.S. 22:629. After Hurricanes Katrina, however, the Louisiana legislature extended this period to two years in La. R.S. 22:1894. *See State v. All Property and Cas. Ins. Carriers Authorized and Licensed To Do Business In State*, 937 So.2d 313 (La. 2006)(holding that legislation extending the

---

[2] Prescription is the civil-law equivalent of a statute of limitations. Blacks Law Dictionary (8th ed.2004); *see also* La. Civ. Code Ann. art. 3447 (West 2007).

prescription period from one year to two years for filing first-party property insurance claims arising from Hurricanes Katrina and Rita was constitutional). La. R.S. 22:1894 provides that:

> Notwithstanding any other provision of this Title to the contrary, any person or entity having a claim for damages pursuant to a homeowners' insurance policy, personal property insurance policy, tenant homeowners' insurance policy, condominium owners' insurance policy, or commercial property insurance policy, and resulting from Hurricane Katrina shall have through September 1, 2007, within which to file a claim with their insurer for damages, unless a greater time period to file such claim is otherwise provided by law or by contract.

La. R.S. 22:1894.[3] Plaintiff's initial insurance policy was issued in August 2002 and renewed thereafter on an annual basis. (R. Doc. 1, Ex. D). In June 2004, Valley Forge issued a notice that Landry's insurance policy would change and no longer cover business income loss resulting from windstorm or hail. (R. Doc. 1, Lightfield affidavit, Brockhaus affidavit). Landry renewed its policy in August 2004, and did so again in August 2005. The policy in effect during Hurricane Katrina was delivered on or about July 1, 2005, and went into effect on August 1, 2005, almost four years before Landry filed suit. *Id*. Hurricane Katrina struck New Orleans on August 29, 2005, at which point the

---

[3] La. R.S. 22:1894 was renumbered from La. R.S. 22:658.3 by Acts 2008, No. 415, § 1, eff. Jan. 1, 2009.

prescriptive period for Landry's claim would undeniably begin to accrue. *See Ross v. Hanover Ins. Co.*, No. 09-3501, 2009 WL 2762713 at *2 (E.D.La. 2004)("The prescriptive period begins to run from the day injury or damage is sustained."). No subsequent statute has extended the prescriptive period enacted in La R.S. 22:1894, nor is a longer period contained in Landry's particular insurance policy. (R. Doc. 4, Ex. B, Hancock Affidavit)(noting that the policy provides that legal actions must be brought against Valley Forge "within 2 years after the date on which the physical loss or damage occurred."); (R. Doc. 1, Endorsement Form G-117884-A17). Landry's claims are therefore prescribed on the face of its complaint.

Landry argues that the relevant prescription period "has been interrupted by repeated acknowledgments by Valley Forge." (R. Doc. 17). Because Landry's claims are prescribed on the face of its complaint, Landry bears the burden of proving interruption or renunciation of the prescription period. *See Winford v. Conerly Corp*, 897 So.2d 560, 565 (La. 2005).

Landry first argues that Valley Forge's investigation, acceptance of claim support documentation, and negotiation of the loss before the running of the prescriptive period interrupted the prescriptive period. (R. Doc. 17). Landry's complaint establishes that (1) Landry sent loss documentation to Valley Forge, (2) Valley Forge adjusters evaluated the loss, (3) Valley

6

Forge adjusters negotiated the loss, and (4) that on February 11, 2009 Valley Forge paid Landry $32,741 for its loss. (R. Doc. 1, ¶¶ 12-14). Contrary to Landry's argument, however, Valley Forge's investigation, adjustment, and negotiation of Landry's claim does not toll the prescriptive period. La. R.S. 22:879 states that

> None of the following acts by or on behalf of an insurer shall be deemed to constitute a waiver of any provision of a policy or of any defense of the insurer thereunder:
> (1) Acknowledgment of the receipt of notice of loss or claim under the policy.
> (2) Furnishing forms for reporting a loss or claim, for giving information relative thereto, or for making proof of loss, or receiving or acknowledging receipt of any such forms or proofs completed or incompleted.
> (3) Investigating any loss or claim under any policy or engaging in negotiations looking toward a possible settlement of any such loss or claim.

La. R.S. 22:879.[4] Louisiana appellate courts have interpreted this statutory language to include the defense of prescription, absent actions by the insurer that would lead the plaintiff to "reasonably believe the insurer would not require compliance with the [prescriptive period]." *Blum v. Cherokee Ins. Co.*, 336 So.2d 894, 897 (La. Ct. App. 1976); *see also Stephens v. Audobon Insurance Co.*, 665 So.2d 683, 685-86 (La. Ct. App. 1995). While Landry argues that Valley Forge never "contested liability" when requesting documentation and information, (R. Doc. 17), such actions are part of the adjustment process clearly contemplated

---

[4] Renumbered from R.S. 22:651 by Acts 2008, No. 415, § 1, eff. Jan. 1, 2009.

under La. R.S. 22:879. Landry does not argue or suggest that Valley Forge ever mentioned waiving the prescriptive period for this claim, or even mentioned prescription at all while furnishing forms and requesting information. The Court finds no factual basis from which Landry might "reasonably believe" that Valley Forge waived compliance with the relevant prescriptive period. Therefore, under La. R.S. 22:879, Valley Forge's investigation, acceptance of claim support documentation, and negotiation of the loss before the running of prescription, does not interrupt the prescriptive period.

Landry next argues that Valley Forge's tender of $32,741 on February 11, 2009 constitutes an acknowledgment that interrupts prescriptive period. As an initial matter, Valley Forge's payment occurred after September 1, 2007 and thus could not interrupt the prescriptive period *ex post facto*. Even assuming, *arguendo*, that Valley Forge issued the payment before the prescriptive period expired, an insurer's tender of payment does not interrupt or toll the prescriptive period. *See Estate of Degraauw v. Travelers Ins. Co.* 940 So.2d 858, 863-64 (La. Ct. App. 2006)(stating that a tender of payment is insufficient to show waiver of prescription because such an abandonment of rights must be "clear, direct, and absolute and manifested by the words or actions of the party in whose favor prescription has run."). Moreover, a finding that Valley Forge's post-prescription payment

is sufficient to interrupt the prescriptive period *ex post*, would undermine the policy in favor of insurer's paying undisputed claims even if prescribed. *See Blum*, 336 So.2d at 897 n.5 (We would be disinclined to discourage an insurer, presented with a claim after passage of the period for filing suit, from considering part payment of the defensible claim . . ."). The Court therefore finds that Valley Forge's February 11, 2009 payment does not constitute express waiver of the prescriptive period for this claim or interrupt the running of the prescriptive period *ex post facto*.

Lastly, Landry's claims under La. R.S. 22:1973, previously La.Rev.Stat. 22:1220, La. R.S. 22:1892, and La. Civil Code art. 1997, for breach of the insurer's duty of good faith and fair dealing are not premised upon any valid claim for breach of an insurance contract. In this case, Louisiana law requires that those claims must likewise be dismissed. *See Phillips v. Patterson Ins. Co.*, 813 So.2d 1191, 1195 (La. Ct. App. 2002)(dismissing claim for bad faith penalties where "no viable underlying claim" existed due to dismissal for prescription); *Tatum v. Colonial Lloyds Ins. Co.*, 702 So.2d 1076, 1078 (La. Ct. App. 1997) ("[W]e conclude that since [La.Rev.Stat. § 22:1973] provides for damages and penalties within the Louisiana Insurance Code, an underlying cause of action giving rise to the possibility of such damages and penalties must be maintainable

under the law of this state to which that Code is applicable.");
*Clausen v. Fidelity & Deposit Co. of Md.*, 660 So.2d 83, 85-86
(La. Ct. App. 1995) ("Regarding recovery under [La.Rev.Stat. §§
22:1892 and 22:1973], we conclude that a plaintiff attempting to
base her theory of recovery against an insurer on these statutes
must first have a valid, underlying, substantive claim upon which
insurance coverage is based. The penalties authorized by these
statutes do not stand alone; they do not provide a cause of
action against an insurer absent a valid, underlying, insurance
claim.").

**IV. CONCLUSION**

For the foregoing reasons, the Court GRANTS Valley Forge's motion to dismiss. Given that this effectively dismisses Landry's suit, the Court further DENIES Valley Forge's motion to file an amended affidavit as moot.

New Orleans, Louisiana, this __23rd__ day of October, 2009.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE