UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

LANDRY ARCHITECTURE, LLC                CIVIL ACTION

VERSUS                                  NO: 09-3974

VALLEY FORGE INSURANCE CO., ET AL.      SECTION: R(1)

**ORDER AND REASONS**

Before the Court is plaintiff Landry Architecutre, LLC's motion for a new trial and/or motion to alter or amend the judgment under Federal Rule of Civil Procedure 59. (R. Doc. 42). For the following reasons, the Court GRANTS Landry's motion and reopens the case.

I.  **BACKGROUND**

This suit arises out of disputed insurance claims for commercial property damage, business income losses, and other expenses resulting from Hurricane Katrina. (R. Doc. 1). Plaintiff Landry Architecture, LLC purchased the insurance policy in issue, policy No B 2057694544, in August 2002 from defendant Valley Forge through the insurance broker Insurance Underwriters Ltd. (R. Doc. 1, Ex. D). Landry renewed the policy on an annual basis thereafter. *Id.* Landry contends that it entered into the policy upon certain representations of Insurance Underwriters, including that the policy contained coverage for business loss

resulting from windstorm.  (R. Doc. 1).  At the time of Hurricane Katrina, however, the policy excluded windstorm from the business loss calculation under an amendment to the policy added before Landry's annual renewal in August 2004.  (R. Doc. 1, Ex. Hancock A, Ex. Lightfield A).

On May 29, 2009 Landry sued Valley Forge and Insurance Underwriters in state court alleging breach of contract and of the duty of good faith and fair dealings under La. R.S. 22:1973, La. R.S. 22:1892 and La. Civil Code art. 1997.  (R. Doc. 1).  On June 23, 2009 Valley Forge removed the case on the grounds that the parties were diverse under 28 U.S.C. § 1332, and Insurance Underwriters improperly joined.[1]  (R. Doc. 1).  Landry moved the Court to remand, and On August 25, 2009, the Court Denied Landry's motion and dismissed those claims against Insurance Underwriters, Ltd because no reasonable possibility of recovery against Insurance Underwriters existed.  (R. Doc. 33).  At the time of Landry's motion to remand, Valley Forge had also moved the Court to dismiss Landry's claims against it under Federal Rule of Civil Procedure 12(b)(6), arguing that the prescriptive period had run on Landry's insurance claims resulting from Hurricane Katrina.  (R. Doc. 4).  Because Landry had not filed

---

[1] The parties did not dispute that the amount in controversy exceeded the jurisdictional limit of $75,000.  (R. Doc. 9).  The parties also did not dispute that complete diversity did not exist on the face of the complaint with both Valley Forge and Insurance Underwriters as defendants.  *Id.*

2

any opposition to Valley Forge's motion at that time, the Court ordered Landry to do so. (R. Doc. 33). On October 23, 2009, the Court granted Valley Forge's motion to dismiss because Landry did not file suit until after the running of prescription. (R. Doc. 41). Landry now moves the Court to "reconsider its previous ruling." (R. Doc. 42).

**II. Legal Standards**

A district court has considerable discretion to grant or deny a motion for reconsideration. *See Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 353 (5th Cir. 1993). In exercising its discretion, the Court must "strike the proper balance" between the need for finality and "the need to render just decisions on the basis of all the facts." *Id*. at 355. Reconsideration, however, "is an extraordinary remedy that should be used sparingly." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004); *see also Fields v. Pool Offshore, Inc.*, No. Civ. A. 97-3170, 1998 WL 43217, at *2 (E.D.La. Feb. 3, 1998), aff'd, 182 F.3d 353 (5th Cir. 1999). Reconsideration "serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Id*. To succeed on a Rule 59(e) motion, therefore, a party must "clearly establish either a manifest error of law or fact or must present newly discovered evidence." *Ross v. Marshall*, 426 F.3d 745, 763

(5th Cir. 2005). Rule 59(e) motions are "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet*, 367 F.3d at 478-79.

**III. DISCUSSION**

In its October 23 Order, this Court found that Landry's claims against Valley Forge had prescribed.[2] (R. Doc. 41). At that time, Landry argued that Valley Forge's investigation, acceptance of claim documentation, and negotiation of the loss before the running of the prescriptive period interrupted the prescriptive period. (R. Doc. 17). The Court rejected this argument on the grounds that La. R.S. 22:879 instructs that Valley Forge's conduct did not constitute a waiver of prescription. La. R.S. 22:879. The full text of La. R.S. 22:879 states:

> None of the following acts by or on behalf of an insurer shall be deemed to constitute a waiver of any provision of a policy or of any defense of the insurer thereunder:
> (1) Acknowledgment of the receipt of notice of loss or

---

[2] In Louisiana, a one year prescriptive period traditionally applies to filing first-party property insurance claims, such as that present here. *See* La. R.S. 22:629. After Hurricane Katrina, however, the Louisiana legislature extended this period to two years in La. R.S. 22:1894. *See State v. All Property and Cas. Ins. Carriers Authorized and Licensed To Do Business In State*, 937 So.2d 313 (La.2006)(upholding the constitutionality of legislation extending the prescription period from one year to two years for filing first-party property insurance claims arising from Hurricanes Katrina and Rita).

4

>     claim under the policy.
>     (2) Furnishing forms for reporting a loss or claim, for giving information relative thereto, or for making proof of loss, or receiving or acknowledging receipt of any such forms or proofs completed or incompleted.
>     (3) Investigating any loss or claim under any policy or engaging in negotiations looking toward a possible settlement of any such loss or claim.

La. R.S. 22:879. Prescription is included as a "defense" under La. R.S. 22:879. *Blum v. Cherokee Ins. Co.*, 336 So.2d 894, 897 (La. Ct. App. 1976); *see also Stephens v. Audobon Insurance Co.*, 665 So.2d 683, 685-86 (La. Ct. App. 1995). The Court also said that Landry pointed to no conduct that showed a clear intent to waive prescription. (R. Doc. 41 at 8). Landry now argues that the recent Louisiana Supreme Court case, *Demma v. Automobile Club Inter-Ins. Exchange,* 15 So.3d 95, 102 (La. 2009), requires a different result. (R. Doc. 42).

*Demma* concerned a claim for bad faith claims handling against an uninsured motorist insurer. 15 So.3d at 97. Before the running of the prescriptive period, the insurer had tendered an unconditional payment of $23,000 for Demma's claim. *Id.* Attached to the payment was a letter stating that the tendered payment was for the undisputed amount of damages due under Demma's policy. *Id.* After trying unsuccessfully to collect additional amounts to which Demma believed he was entitled, Demma filed suit. *Id.* However, the prescriptive period had run by the time he did so. *Id.* The trial and appellate courts each sustained the insurer's exception of prescription. *See Demma v.*

*Automobile Club Inter-Insurance Exchange*, 998 So.2d 191 (La Ct. App. 2008). Demma argued in the Louisiana Supreme Court that the insurer's unconditional tender of an undisputed amount of damages, as required by La. R.S. 22:658, was an acknowledgment sufficient to interrupt the running of prescription. *Demma*, 15 So.2d at 97. The Louisiana Supreme Court agreed. *Id* at 103. Further, the Court reaffirmed its holding in *Lima v. Schmidt*, 595 So.2d 624, 631 (La. 1992), and abolished any requirement that an acknowledgment be coupled with a clear declaration of an intent to interrupt prescription. *Demma*, 15 So.3d at 102 ("An acknowledgment requires only that the right or obligation be recognized and requires no particular form."). Relying upon this language, Landry suggests that it need not demonstrate Valley Forge's intent to interrupt prescription for an interruption to take place, and therefore Valley Forge's pre-prescription conduct serves to do so. (R. Doc. 42).

As a threshold matter, *Demma* did not concern the pre-prescription conduct Landry initially argued constituted an "acknowledgment" sufficient to interrupt prescription–acceptance of claim documentation, investigation, and negotiation of the loss. (R. Doc. 17). Rather, *Demma* concerned an unconditional tender of payment. In this case, Valley Forge made no payment

6

until after the running of prescription.[3] (R. Doc. 41) ("Valley Forge's payment occurred after September 1, 2007 and thus could not interrupt the prescriptive period *ex post facto*."). Moreover, *Demma* acknowledges that its reach is limited to contexts in which a contradictory statute does not exist, though *Demma* does not discuss La. R.S. 22:879 explicitly. *Demma*, 15 So.3d at 104. For example, the *Demma* Court states:

> Were it not for the enactment of La. R.S. 23:1204, which provides that the voluntary payment of compensation benefits by an employer does not constitute an admission of liability for compensation benefits, the voluntary payment of compensation benefits would constitute an admission sufficient to interrupt prescription.

*Id.* at 104-105. There is therefore no basis to hold that *Demma* abrogates La. R.S. 22:879 by implication. *See Jackson v. Stinnett*, 102 F.3d 132, 136 (5th Cir. 1996) (citing *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 442 (1987)) (stating the presumption that repeals by implication are disfavored).

That being said, a legal window exists in which an insurer may "tacitly acknowledge" a claim under *Demma*–and thereby interrupt prescription–without engaging in conduct covered by La.

---

[3] Nor could the unconditional tender of payment amount to a renunciation of Valley Forge's prescription defense. *See Harmon v. Harmon*, 308 So.2d 524, 526 (La. Ct. App. 1975) (noting that partial payment would not constitute a "tacit renunciation" of prescription ); *Lima v. Schmidt*, 595 So.2d 624 (La. 1992) (noting differences between "acknowledgment" and "renunciation").

7

R.S. 22:879.[4] For example, partial payment of a debt can constitute a tacit acknowledgment as long as it is unconditional. *See, e.g., First National Bank of Jefferson Parish v. Boudreaux*, 511 So.2d 826 (La. Ct. App. 1987), writ denied, 514 So.2d 128 (La. 1987). An insurer's *promise* to tender an unconditional payment of some definite amount would also suffice to interrupt prescription. *See Demma*, 15 So.3d at 99 (stating that tacit acknowledgment occurs when debtor makes an unconditional offer of payment)(citing *Lima*, 595 So.2d at 624, 634 (La. 1992)). The Court thus reconsiders its October 23 Order to the extent that it failed to consider whether conduct not covered by La. R.S. 22:879 could amount to a tacit acknowledgment, when it involved no clear statement of an intent to interrupt prescription.

In this case, Landry alleged that "until February 11, 2009 Valley Forge acknowledged Landry Architecture's claim for business interruption/business loss and extra expenses." (R. Doc. 1, Plaintiff Complaint, ¶ 15). Given that the Court must draw all reasonable inferences in favor of the plaintiff, *see Lombard*, 565 F.3d at 239, and that Landry's complaint alleges acknowledgment of its claim before the running of prescription,

---

[4] The Louisiana Supreme Court made a similar finding in *Demma* itself when it distinguished between unconditional payments, which it held to be a "tacit acknowledgment" sufficient to interrupt prescription, and settlements, which La. R.S. 22:1290 stated should not be construed as an admission of liability. *Demma*, 15 So.3d at 104.

8

Landry's complaint must survive dismissal under Rule 12.  To the extent that discovery does not reveal evidence that Valley Forge acknowledged Landry's claim before September 1, 2007, Valley Forge may move the Court for summary judgment at that time.

IV. **CONCLUSION**

For the foregoing reasons, the Court GRANTS Landry's motion for a new trial and/or motion to alter or amend this Court's October 23 Order.  (R. Doc. 42).  The Court hereby reopens this case, reconsiders its October 23 Order, and DENIES Valley Forge's motion to dismiss.  (R. Doc. 4).

New Orleans, Louisiana, this 5th day of January, 2010.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE